DLD-156                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4462
_____

JOSEPH CLIFFORD MALCOMB,
Appellant

v.

RACHEL DIETZ, Ambridge Police Officer; CHIEF OF POLICE ROMUTIS, Ambridge
Police Chief; MARTIN V. SCHULTE, Magistrate Judge; JANET DOLAN, Director of
PenDot; JOHN DOHANICH, Common Pleas Judge
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-11-cv-00212)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 5, 2012
Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: April 10, 2012)
_____

OPINION
_____

PER CURIAM

        Joseph Clifford Malcomb, proceeding pro se, appeals from an order of the United

States District Court for the Western District of Pennsylvania dismissing his civil rights

action brought pursuant to 42 U.S.C. §§ 1983 and 1985(3). We will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Malcomb alleged that he was wrongly charged and convicted of a summary traffic citation for failure to stop at a red signal. The traffic citation was issued by Officer Rachel Dietz of the Ambridge Borough Police Department on December 10, 2007. On that date, however, Malcomb was incarcerated for technical parole violations. In May 2008, Magisterial District Judge Martin Schulte notified Malcomb that his driving privileges would be suspended because he failed to respond to the citation. Malcomb wrote several letters to the Magisterial District Court explaining that he could not have committed the offense because of his incarceration.[1] Nevertheless, Malcomb was found guilty of the summary offense. As a result, PennDOT suspended his driving privileges. Malcomb filed a timely appeal to the Court of Common Pleas of Beaver County. In those proceedings, Common Pleas Judge John Dohanich denied Malcomb's motion for appointment of counsel and request for a "transport order." Ultimately, on March 31, 2009, the traffic citation charge was withdrawn. By letter dated May 14, 2009, the Clerk of the Court of Common Pleas provided Malcomb with a copy of his "summary appeal

---

[1] Malcomb also asked the Pennsylvania Department of Transportation ("PennDOT") to refrain from suspending his driver's license. In response, Janet Dolan, Director of PennDOT's Bureau of Driver Licensing, notified Malcomb that his driving record would be updated if he provided appropriate documentation that he had been found not guilty of the traffic offense.

2

order dismissing your charge and sustaining your appeal, meaning you were found not guilty."

On February 15, 2011, Malcomb filed a complaint pursuant to 42 U.S.C. §§ 1983 and 1985. He sought compensatory and punitive damages based on allegations of a denial of due process, malicious prosecution, discrimination, intentional infliction of emotional distress, and a conspiracy to violate his civil rights. Malcomb named as defendants Officer Dietz and the Chief of the Ambridge Police Department; Judges Sculte and Dohanich (the "judicial defendants"); and Janet Dolan, the Bureau of Driver Licensing Director. The judicial defendants filed a motion to dismiss, arguing, inter alia, that they were protected by the doctrine of judicial immunity. A Magistrate Judge held that the judicial defendants were absolutely immune from individual liability and that the claims against them in their official capacity were barred by the Eleventh Amendment. The Magistrate Judge recommended dismissing the claims against the remaining defendants, stating that Malcomb's allegations of malicious prosecution – the only remaining claim not barred by the applicable statute of limitations − was deficient insofar as he has failed to demonstrate that he suffered a deprivation of liberty as a consequence of the traffic citation proceedings. Over Malcomb's objections, the District Court adopted the Magistrate Judge's Report and Recommendation, granted the judicial defendants' motion to dismiss, and dismissed the complaint against the remaining defendants under 28 U.S.C. §1915A, stating that it would be futile to allow Malcomb to amend his complaint. Malcomb appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We construe the complaint liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and may affirm on any basis supported by the record. Fairview Twp. v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985). Dismissal is proper if a party fails to allege sufficient factual matter, which if accepted as true, could "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The District Court properly granted the judicial defendants' motion to dismiss. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006). Here, all of Malcomb's allegations against the judicial defendants involved actions that were taken within their judicial authority. In particular, Malcomb's complaint alleged that Magisterial District Judge Schulte notified him that his driving privileges would be suspended and requested evidence indicating that he was incarcerated at the time of the charged offense. Malcomb further asserted that Common Pleas Judge Dohanich denied his motion for appointment of counsel and request for a "transport order." [2] Because the

---

[2] According to docket reports submitted in the District Court, see S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (stating that "[t]o resolve a 12(b)(6) motion, a court may properly look at public records"), it appears that neither of the judicial defendants was responsible for the

4

judicial defendants were acting within their jurisdiction in taking these actions, they are entitled to absolute judicial immunity. Gallas v. Supreme Court of Pa., 211 F.3d 760, 768-69 (3d Cir. 2000). In addition, Malcomb's vague allegation of a conspiracy does not affect the immunity determination. See, e.g. Dorman v. Higgins, 821 F.2d 133, 139 (2d Cir. 1987) (holding that "since absolute immunity spares the official any scrutiny of his motives, an allegation that an act was done pursuant to a conspiracy has no greater effect than an allegation that it was done in bad faith or with malice, neither of which defeats a claim of absolute immunity.").

The District Court also properly dismissed the claims against the remaining defendants. The majority of the events giving rise to Malcomb's claims occurred more than two years before he filed his complaint. Those claims, therefore, are time-barred by the applicable statute of limitations. Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000) (holding that federal courts considering a civil rights claim apply the relevant state's statute of limitations for personal injury actions, which in Pennsylvania is two-years). We further agree that only the malicious prosecution claim − which accrued on March 31, 2009, when the traffic citation was withdrawn, see Rose v. Bartle, 871 F.2d 331, 348-49 (3d Cir. 1989) − is timely. With respect to that claim, we conclude that Malcomb did not suffer a deprivation of liberty consistent with the concept of seizure as a consequence

---

decisions finding Malcomb guilty and later overturning that conviction. We note that judicial immunity would still apply if Malcomb had challenged rulings made by the other judges involved in the underlying traffic citation proceedings.

of a legal proceeding.  See Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003) (describing elements of malicious prosecution claim).  Here, Malcomb was issued a traffic citation, ordered to appear in Magisterial District Court, and temporarily deprived of his driving privileges while incarcerated on other charges.  He was not arrested, detained, or restricted in his travel.  DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005) (holding that plaintiffs failed to establish a malicious prosecution clam where they "were only issued a summons; they were never arrested; they never posted bail; they were free to travel; and they did not have to report to Pretrial Services.").  Thus, we conclude that the claims against the remaining defendants were properly dismissed.

For the foregoing reasons, we conclude that no substantial question is presented by this appeal.  See I.O.P. 10.6.  Accordingly, we will summarily affirm the District Court's judgment.  Malcomb's motion for appointment of counsel is denied.  Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)